### The CAPITOL LIFE INSURANCE COMPANY, Plaintiff,

v.

### Tom GALLAGHER, Commissioner of the Florida Department of Insurance, In Its Capacity As Receiver of Guarantee Security Life Insurance Company, Defendant.

Civ. A. No. 93–B–2142.

United States District Court,
D. Colorado.

Dec. 21, 1993.

768

Richard Magid, Whiteford, Taylor & Preston, Baltimore, MD, John Kezer, Wood, Ris & Hames, P.C., Denver, CO, for plaintiff.

Joseph Rebak, TEW & Garcia–Pedrosa, Miami, FL, Geoffrey S. Race, Weller, Friedrich, Ward & Andrew, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiff Capitol Life Insurance Company (Capitol) files this petition to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 4. Defendant Tom Gallagher, Commissioner of the Florida Department of Insurance, in his Capacity as Receiver of Guarantee Security Life Insurance Company (Gallagher) opposes this petition and moves for dismissal. Jurisdiction is proper under 28 U.S.C. § 1332. This matter is adequately briefed and argued. For the reasons set forth below, I will dismiss the petition.

## I.

On December 11, 1989, Capitol and Guarantee Security Life Insurance Company (GSL), a Florida insurance company, entered into an Agreement of Assumption of Liability (the Agreement). Pursuant to this Agreement, GSL agreed to assume Capitol's contractual obligations under a block of annuity policies, referred to in the insurance industry as "assumption reinsurance". Subsequently, GSL was declared insolvent and placed in receivership.

In June, 1992, Gallagher, in his capacity as GSL's receiver on behalf of GSL's policyholders, and four other individuals filed a class action lawsuit (the Class Action) in the Circuit Court of the 2nd Judicial Circuit in and for Leon County, Florida, against Capitol and three other insurance companies. The Class Action complaint alleges that the class consists of all persons who held annuity policies which were issued and/or assumed by Capitol or one of the other insurance company defendants and subsequently transferred to GSL without the policyholder's consent to the transfer. Class Action Complaint, ¶ 11. Specifically, the class seeks a declaration that the Capitol was never released from its obligations under the annuity policies which Capitol transferred and GSL assumed, and that Capitol remains liable with GSL to the class members for the obligations arising under these annuity policies. Class Action Complaint, "Wherefore" ¶. Shortly after the Class Action was filed, Gallagher and Capitol agreed to stay the proceedings pending settlement negotiations.

In its arbitration petition and reply, Capitol summarizes the dispute it seeks to arbitrate as GSL's Class Action claim that Capitol remains liable under certain annuities transferred by Capitol to GSL under the Agreement. See Petition and Reply at "Statement of the Case". Gallagher contends that the Class Action is a dispute between Capitol and its policyholders which arises from their annuity contracts, not the Agreement. Because Capitol and Gallagher disagree as to the Class Action issues, I must address that question before determining whether arbitration is appropriate under the Agreement's provision.

## II.

■ "The Arbitration Act establishes that, as a matter of federal law any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration ..." *Moses H. Cone Memorial Hos. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). In *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), the Supreme Court further stated:

> ... where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless ... with positive assurance ... the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." (citations omitted).

*Id.* at 650, 106 S.Ct. at 1419. Thus, for Gallagher to avoid arbitration, I must conclude with positive assurance, and resolving all doubts in favor of coverage, that the Class Action dispute falls outside the scope of the Agreement's arbitration clause.

Here, the dispute is a class action lawsuit in which Gallagher is a representative party plaintiff. Arbitration is not foreclosed because there are additional persons not subject to arbitration named as parties in the underlying civil action. *See, Coleman v. National Movie–Dine, Inc.* 449 F.Supp. 945, 948 (E.D.Pa.1978) (Coleman cannot prevent the submission of his claims to arbitration by bringing this suit as a class action). Accordingly, the class action nature of the dispute which Capitol seeks to compel arbitrate here does not alone affect the enforcement of the Agreement's arbitration provision.

## III.

■ It is uncontested that Article XII of the Agreement between Capitol and GSL contains a valid, written arbitration provision as required by 9 U.S.C. § 2. It provides that: "Any dispute between Capitol and GSL concerning the Agreement or the operation of its terms shall be decided by arbitration." It is further undisputed that Gallagher, as GSL's receiver, may be compelled to arbitrate under this provision because Gallagher "stands in the shoes" of GSL, the insolvent insurance company. *Phillips v. Lincoln Nat. Health & Cas. Insurance Co.*, 774 F.Supp. 1297, 1299 (D.Colo.1991).

The question then is whether the Class Action falls within the scope of the Agreement's arbitration provision such that arbitration can be compelled under 9 U.S.C. § 4. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985) ("The first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute").

Gallagher contends that the Class Action is beyond the scope of the arbitration agreement because it concerns entirely different parties under entirely separate contracts. I agree.

Relying on *Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149 (3rd Cir.1989), Gallagher argues that, in the Class Action, he sues solely on behalf of GSL's policyholders who were not parties to the Agreement. Gallagher further contends that the Class Action claim arises under the individual policyholder's individual contracts of insurance, not the Agreement.

In *Hays*, the bankruptcy trustee brought claims against Merrill Lynch for avoidance of fraudulent conveyances pursuant to Bankruptcy Code § 544(b). Merrill Lynch, relying on an arbitration clause in a pre-bankruptcy contract between the debtor and Merrill Lynch, sought to compel the trustee to arbitrate these claims. The *Hays* court held that, although the trustee could be compelled to arbitrate claims which were derivative of the debtor, the trustee could not be compelled to arbitrate fraudulent conveyance claims which the trustee brings on behalf of the bankrupt debtor's creditors. *Id.* at 1155.

*Hays* is persuasive. In *Hays*, the trustee sued to protect the bankrupt debtors' creditors, whereas, in the Class Action, Gallagher sues to protect the interests of GSL's policyholders. In each case, the plaintiffs have the ability to sue in more than one capacity. Furthermore, in each situation, the applica-

bility of the respective arbitration provisions depends on the capacity in which the plaintiff sues.

Therefore, notwithstanding the liberal policy favoring arbitration, the Class Action dispute falls outside the scope of the Agreement's arbitration clause because that clause governs exclusively disputes between Capitol and GSL concerning the Agreement, not disputes between policyholders and Capitol concerning the policyholders' individual insurance contracts. Moreover, the Class Action complaint confirms that the Agreement between Capitol and GSL is not at issue in the Class Action. In paragraph 14 of the Class Action complaint, Gallagher admits GSL's assumption of liability and its continued obligation under the annuity policies transferred by Capitol.

In response to *Hays,* Capitol argues that it does not seek to arbitrate the Class Action claim, but instead, seeks to arbitrate the issue of whether Guarantee assumed *all of the liabilities* on the transferred annuities under the Agreement. Capitol, without any legal authority, argues that there is no requirement that there be a pending court action to compel arbitration under 9 U.S.C. § 4 and, therefore, the court can order Gallagher to arbitrate this issue. Section 4 of Title 9 provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed ...

Assuming arguendo Capitol can compel arbitration absent pending legal action, Capitol's petition must still be dismissed because Capitol fails to offer any credible arguments that it has been aggrieved by Gallagher's refusal to arbitrate whether GSL assumed *all of the liabilities* on the transferred annuities under the Agreement. GSL, as GSL, does not dispute this.

Clearly, GSL's Class Action claim is brought in its representative capacity on behalf of the policyholders and implicates issues of contract dispute between those policyholders and Capitol. Those policyholders never agreed to arbitrate. Thus, they should not be bound by any arbitration between Capitol and GSL. There is simply no present dispute between GSL and Capitol under the Agreement. I conclude with positive assurance, resolving all doubts in favor of coverage, that the Class Action dispute falls outside the scope of the Agreement's arbitration clause.

Accordingly, Capitol's application to compel arbitration of the Class Action and, in the alternative, to arbitrate whether GSL assumed all liabilities under the Agreement will be denied. Because Capitol's arbitration application will be denied on other grounds, I need not address Gallagher's alternative argument that the McCarran–Ferguson Act supersedes the Federal Arbitration Act (FAA) in this case.

ACCORDINGLY, IT IS ORDERED that Capitol's petition to compel arbitration under 9 U.S.C. § 4 is DISMISSED.